### No. 4455.—SUCCESSION OF JOSEPH H. JOHNSON.

In homologating a tableau of distribution the judge can only order the executor to distribute the funds in his hands. He cannot order him to pay a particular fund to a creditor which he has previously ordered to be paid to another.

The executor cannot be punished for contempt, in not paying a particular fund, when he has paid that fund to another creditor under the order of the Court.

APPEAL from the Second District Court of New Orleans. *Thomas, J. Elmore & King*, for appellant. *Hornor & Benedict*, for appellee.

WYLY, J. This appeal is taken by Charles E. Alter, a mortgage creditor of the succession of Joseph H. Johnson, from a judgment on a rule ordering the dative executor to pay over to him certain funds in his hands.

38

This rule was taken on the executor, Crane, to show cause why he should not be imprisoned for contempt for not paying over the funds he was ordered to pay to said Alter by the last tableau homologated.

On the trial, the rule was made absolute, and the executor was required within three days to pay to Alter the balance of the funds on hand, say $674 28, less the costs due the clerk, which was accordingly done.

Alter contends that the executor was required to pay him a larger sum, to wit: $11,000, by the judgment homologating the tableau; and that the Judge *a quo* erred in determining the rule, by not requiring the executor to pay him the full amount mentioned in the tableau.

It appears that the $11,000 mentioned in the tableau was derived from the sale of the property styled the "batture property," which was purchased by W. H. Aymar; that his titles were subsequently decreed to be null, and he then took a rule on the executor requiring him to refund the $11,000 which he had paid for the property. The executor answered that he only had on hand of that sum $8804, and the Court ordered him to refund that amount, reserving the rights of Aymar to the balance out of any funds that might afterwards come into the succession. We think the District Judge disposed of the rule for contempt properly. The executor had paid over all the funds in his hands except the $674 28, and this fund he has since paid in obedience to the rule.

The record shows that the appellant, Charles E. Alter, has received every dollar due him out of the funds in the hands of the executor. He had no claims upon the $8804 returned to Aymar by order of the Court. That fund remained in the executor's hands from the sale of the "batture property" which was annulled, and was very properly returned to its owner.

It would have been strange for the District Judge to have punished the executor for contempt because, in obedience to the order of Court he refunded the money to Aymar.

We do not perceive the force of Appellant's position, that the decision on the rule had the effect of changing his original judgment. We think his original judgment against the succession remains undisturbed.

In homologating the tableau, the Court could only order the executor to distribute the funds in his hands. It could not order him to pay to Alter the $8804 which had been previously paid to Aymar by order of the Court.

The Judge could not compel the executor to redistribute a fund which he had previously distributed under the order of the Court.

It is therefore ordered that the judgment of the Court below be affirmed with costs.